Robert A. Bailey (# 214688)
  rbailey@afrct.com
Kenneth A. Franklin (# 143809)
  kfranklin@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Telephone: (626) 535-1900
Facsimile: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB (sued erroneously as "Wells Fargo Mortgage, LLC") ("Wells Fargo")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE L. SULLIVAN, AS EXECUTOR AND SUCCESSOR TRUSTEE OF THE JOHN L. SULLIVAN & JEWELL O. SULLIVAN REVOCABLE TRUST, DATED MARCH 17, 2000, an *individual*, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO MORTGAGE, LLC; REGIONAL LOAN SERVICE CORPORATION; and DOES 1 through 20, inclusive, <br><br> Defendants. | CASE NO.: 3:14-CV-00653-JST <br><br> [The Honorable Jon S. Tigar] <br><br> **DEFENDANT WELLS FARGO BANK, N.A.'S OPPOSITION TO MOTION TO REMAND** <br><br> Date: March 28, 2014 <br> Time: 10:00 a.m. <br> Ctrm: 6, 17th Floor |

Defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A. formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB ("Wells Fargo") respectfully submits this opposition to plaintiffs' motion to remand to state court.

/ / /

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION

Plaintiff's motion to remand primarily argues that by naming Regional Service Corporation ("Regional") as a defendant plaintiff has destroyed diversity. As set forth below and in the notice of removal, Regional is merely a nominal party and it citizenship is irrelevant for diversity purposes. The complaint includes no theories under which plaintiff can recover against Regional, a mere foreclosure trustee.

Although plaintiff does not challenge Wells Fargo's South Dakota citizenship, Wells Fargo's is aware of this Court's decision in *Vargas v. Wells Fargo Bank, N.A.* F.Supp. 2d___, 2013 WL 6235575, No. 3:12-cv-02008-JST (N.D. Cal Dec. 2013) in which this Court concluded that, for diversity purposes, Wells Fargo is a citizen of both South Dakota and California. Wells Fargo continues to maintain that it is a citizen of only South Dakota. Nevertheless, in light of this Court decision in *Vargas*, Wells Fargo respectfully requests that this action be stayed until the Ninth Circuit decides the pending action on the issue of Wells Fargo's citizenship.

### 2. REGIONAL HAS BEEN FRAUDULENTLY JOINED, AND IS ALSO A NOMINAL PARTY

As shown in the notice of removal, Regional is both a fraudulently joined defendant and a nominal party. (Not. of Removal, ECF Document no. 1 at 14:12-17:7.)

Plaintiff attempts to argue that Regional was not fraudulently joined. Her own complaint belies that argument. Specifically, the complaint alleges that the notice of default was defective because it contains a false declaration of due diligence. (Comp. ¶¶ 18, 28 and 50.) The declaration of due diligence attached to the Notice of Default, however, **was signed by Wells Fargo, not Regional**. (Comp. Exh. B, ECF, Document no. 1.) There is no allegation that Regional had any involvement in declaration of due diligence. Nor, as a matter of law does Regional have any duty to contact the borrower before recording the notice of default. Regional's only duty and only involvement was to record the notice of default. It enjoys *immunity* for its good faith reliance on information furnished by the lender. *Nicosia v. Wells Fargo Bank*, 2010 U.S. Dist. LEXIS 116504, at **2-3 (N.D. Cal. 2010) (Hamilton, J.) ("[the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1 trustee]… is entitled to immunity pursuant to Cal. Civil Code § 2924… [which] expressly
2 provides that 'the trustee shall incur no liability for any good faith error resulting from reliance
3 on information provided in good faith by the beneficiary regarding the nature and amount of the
4 default under the secured obligation.' *See,* Cal. Civil Code § 2924(b)."

5     In fact, any act pertaining to Regional's role as the foreclosing trustee is statutorily
6 privileged.  Cal. Civil Code § 2924(d) & § 47(c).  This privilege bars any tort claim arising out of
7 the statutorily required mailing, publication, and delivery of notices in non-judicial foreclosure,
8 and the performance of statutory non-judicial foreclosure procedures absent a showing of malice.
9 *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 339 (2008).

10     More importantly, the statutory immunity is not conferred on the trustee per se – but on
11 the actions required by the Civil Code. Cal. Civil Code § 2924(d)(2) ("***All of the following*** shall
12 constitute privileged communications pursuant to Section 47, ¶ (2) ***Performance of the***
13 ***procedures*** set forth in this article.") (emph. added).  Here, the recording of the notice of default
14 is unquestionably required by the Civil Code. § 2924(a)(1) ("shall") making Regional statutorily
15 immune.

16     Plaintiff also alleges that "defendants" violated Civil Code Section 2924.17 because
17 "Defendants have no [sic] ensured that they have reviewed competent and reliable evidence to
18 substantiate the borrower's default . . ." (Comp. ¶ 29.)  Civil Code § 2924.17(b) states that prior
19 to recording a notice of default and/or a notice of sale, "a <u>mortgage servicer</u> shall ensure that it
20 has reviewed competent and reliable evidence to substantiate the borrower's default and the right
21 to foreclose, including the borrower's loan status and loan information."  Section 2924.17 does
22 not require the foreclosure trustee, *i.e*. Regional, review loan records.  Moreover, Civil Code
23 § 2920.5 sets forth the definition of a "mortgage servicer" and expressly <u>excludes</u> "a trustee, or a
24 trustee's authorized agent, acting under a power of sale pursuant to a deed of trust."  As such,
25 Civil Code § 2924.17 does not apply to Regional and no claim can be made against Regional for
26 violation of Section 2924.17.

27     Likewise, plaintiff's other claims are only viable against Wells Fargo and not the
28 foreclosure trustee, Regional.  Specifically, plaintiff seeks recovery for an alleged violation of

Anglin Flewelling Rasmussen Campbell & Trytten LLP

1  Section 2923.55 because the "mortgage servicer" failed to provide certain documents. (Comp.
2  ¶ 34.) And, plaintiff seeks to recover under Sections 2923.6 and 2923.7 because the "mortgage
3  servicer" failed to make a written determination that plaintiff was not eligible for a loan
4  modification and because the "mortgage servicer" did not establish a single point of contact.
5  (Comp. ¶¶ 38-40.) As detailed above, Civil Code § 2920.5 sets forth the definition of a
6  "mortgage servicer" and expressly <u>excludes</u> "a trustee, or a trustee's authorized agent, acting
7  under a power of sale pursuant to a deed of trust." As such, plaintiff's claims are solely against
8  Wells Fargo and it cannot recover against Regional.

9  Therefore, Regional was fraudulently joined and "fraudulently joined defendants will not
10 defeat removal on diversity grounds." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067-68
11 (9th Cir. 2001) ("one exception to the requirement of complete diversity is where a non-diverse
12 defendant has been 'fraudulently joined'").

13 Additionally, Regional is also a nominal party. A party does not need to be ***both*** a
14 nominal party and fraudulently joined for its citizenship to be disregarded. Rather, a party's
15 citizenship may properly be disregarded for either reason. *See, e.g., Strotek Corp. v. Air Transp.*
16 *Ass'n of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002) ("Defendants who are nominal parties with
17 nothing at stake may be disregarded in determining diversity, despite the propriety of their
18 technical joinder.").

19 Here, Regional is also a nominal party, or a mere stakeholder, as plaintiff's allegations
20 pertain to her efforts to obtain a modification of the loan from the lender, Wells Fargo, and to
21 Wells Fargo's actions as a "mortgage servicer." *See,* Comp. ¶¶ 30, 34, 38-47. *Hewitt v. Stanton*,
22 798 F.2d 1230, 1233 (9th Cir. 1986) (Cal-Western has no financial interest in the subject
23 property and otherwise does not owe any duty to plaintiff.) *Swanson v. EMC Mortg. Corp*., No.
24 CV F 09-1507, 2009 U.S. Dist. LEXIS 122216, at *10-*11 (E.D. Cal. Dec. 10, 2009) (California
25 courts have refused to impose duties on the trustee other than those imposed by statute or
26 specified in the deed of trust); *I.E. Associates v. Safeco Title Ins. Co,*. 39 Cal.3d 281, 287-288
27 (1985) ("[T]here is no authority for the proposition that a trustee under a deed of trust owes any
28 duties with respect to exercise of the power of sale beyond those specified in the deed and the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1 statutes.")

2 There are simply no charging allegations against Regional. It is clear from the complaint that all substantive allegations are directed against Wells Fargo and **not** Regional. *See generally*, Comp ¶¶ 18, 24, 27, 30, 34, 38-40, 44, and 50.

For all the foregoing reasons Regional's citizenship should be disregarded.

### 3. THE AMOUNT IN CONTROVERSY THRESHOLD HAS BEEN MET

For a federal court toptain have subject matter jurisdiction under Section 1332, "the matter in controversy [must] exceed[] the sum or value of $75,000, exclusive of interest and costs, and [be] between citizens of different States." 28 U.S.C. § 1332(a)(1). However, "'[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.' 'If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation.'" *Reyes v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 113821, at *12-13 (N.D. Cal. 2010) (Spero, M.J.) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977); *accord Rieger v. Wells Fargo*, 2013 U.S. Dist. LEXIS 58232, *10 (N.D. Cal. April 23, 2013) (Corley, M.J.) ("Because this case arises from Plaintiff's default on a loan of $525,000.00 [cite], the $75,000 amount in controversy requirement is satisfied.").

Plaintiff prays for ". . . an injunction prohibiting any further sale of Subject Property. . ." (Comp., Prayer for Relief, ¶ 5.) Plaintiff seeks to prevent Wells Fargo from enforcing its rights under the loan and securing deed of trust in the amount of $415,000. (*See*, Comp., Exh. A.). Therefore the amount in controversy far exceeds the $75,000 threshold.

In *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973), the plaintiffs challenged the lawfulness of the non-judicial foreclosure procedure, much as plaintiff does here, and sought an injunction prohibiting the bank from selling the property. 483 F.2d at 1076. The Ninth Circuit held that, in determining that a "minimum in controversy" threshold of $10,000 had been reached for former 28 USC § 1331, "the whole purpose of this action is to foreclose the Bank from selling this property in the manner contemplated. Based on these facts, this court has no difficulty finding that the matter in controversy has a value in excess of $10,000, exclusive of

1 interest and costs." *Id.* Similarly, in *Cabriales v. Aurora Loan Servs.*, 2010 U.S. Dist. LEXIS
2 24726 (N.D. Cal. 2010) (James, M.J.), the Court held that when the plaintiff sought to enjoin the
3 sale of the property, the amount of the loan is a distinct factor in determining whether the amount
4 in controversy has been met, even prior to a trustee's sale. *Id.*, at *8-10.

5       Plaintiff's claim that the jurisdictional limits of this Court have not been met because she
6 does not seek to invalidate the loan rings hollow. (Motion to remand (["MTR", 7:18-25].) First,
7 plaintiff cites no authority for the proposition that she may challenge the foreclosure proceeding
8 to enforce a $415,000 debt without reaching the $75,000 threshold for federal jurisdiction simply
9 because she does not seek to invalidate the loan. Second, such a proposition is absurd. It is a
10 semantic game and legal gymnastics in an improper attempt to defeat the lawful jurisdiction of
11 this Court. There is no practical difference between challenging the validity of a debt and
12 challenging the right to enforce the debt. An unenforceable debt is just as worthless as an invalid
13 debt.

14     Here, plaintiff's lawsuit easily meets the jurisdictional threshold.

15 **4. THE MOTION FOR REMAND SHOULD BE DENIED**
16 **OR THE ACTION SHOULD BE STAYED**

17     Based on the thorough briefing filed with this Court in *Vargas v. Wells Fargo Bank, N.A.,*
18 *et al.* (Docs. 93 and 96, Case No. 3:12-cv-02008-JST), Wells Fargo submits that it is strictly a
19 citizen of South Dakota and on this basis, complete diversity of citizenship exists in the instant
20 action. If the Court is willing to reconsider its determination in *Vargas*, Wells Fargo requests
21 leave to submit additional briefing. If this Court is unwilling to reconsider its determination in
22 *Vargas,* this action should be stayed for the reasons set forth below.

23     An appeal on this exact citizenship issue raised in this action is pending before the Ninth
24 Circuit in *Rouse v. Wachovia Mortgage, FSB*, Ninth Circuit Case No. 12-55278. Oral argument
25 in *Rouse* was scheduled for November 5, 2013; however, the Court of Appeals took the matter
26 under submission on October 17, 2013. (Attached hereto as <u>Exhibit A</u> is a true and correct copy
27 of the order from the Court of Appeals that vacated oral argument). Given the procedural
28 posture of *Rouse*, Wells Fargo respectfully requests that the Court stay the instant action until a

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1 ruling is issued by the Ninth Circuit.  Assuming the Court is amenable to this proposal, Wells
2 Fargo shall promptly file a notice once the *Rouse* appeal is decided, which will provide
3 invaluable guidance on whether remand is appropriate.

### 5. CONCLUSION

For all of the above reasons set forth above, there is diversity jurisdiction and defendant Wells Fargo Bank, N.A. respectfully requests that the Court deny plaintiff's motion to remand the case to state court or in the alternative stay this action pending the Ninth Circuit's decision in *Rouse*.

Respectfully submitted,

Dated:  March 4, 2014

ANGLIN, FLEWELLING, RASMUSSEN,
    CAMPBELL & TRYTTEN LLP

By:  /s/ Kenneth A. Franklin
     Kenneth A. Franklin
     kfranklin@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB (sued erroneously as "Wells Fargo Mortgage, LLC") ("Wells Fargo")

EXHIBIT A

**FILED**

UNITED STATES COURT OF APPEALS

OCT 17 2013

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT ROUSE, an individual; VICTORIA ROUSE, an individual,<br><br>Plaintiffs - Appellees,<br><br>v.<br><br>WACHOVIA MORTGAGE, FSB, a Division of Wells Fargo Bank NA, FKA World Savings Bank,<br><br>Defendant - Appellant. | No. 12-55278<br><br>D.C. No. 5:11-cv-00928-DMG-DTB Central District of California, Riverside<br><br>ORDER |

The court finds this case suitable for decision without oral argument. This case shall be submitted on the briefs and record, without oral argument, on Tuesday, November 5, 2013, in Pasadena, California. Fed. R. App. P. 34(a).

FOR THE COURT:

MOLLY C. DWYER
Clerk of Court

By: Samantha Miller
Deputy Clerk

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO BANK, N.A.'S OPPOSITION TO MOTION TO REMAND**

on the interested parties in said case as follows:

*Served Electronically Via the Court's CM/ECF System*:

| *Attorneys for Plaintiff:* | *Attorneys for Defendant:* <br> *Regional Trustee Services Corporation:* |
|---|---|
| Armine Singh, Esq. <br> Dianna Ter- Vardanyan, Esq. <br> **Prime Law Group, APC** <br> 101 N. Brand Blvd. PH1920 <br> Glendale, CA 91203 <br><br> Tel: 818-276-2464 <br> Fax: 818-446-2162 | Robin Prema Wright, Esq. <br> Jennifer McGready, Esq. <br> WRIGHT, FINLAY & ZAK, LLP <br> 4665 MacArthur Court, Suite 280 <br> Newport Beach, CA 92660 <br><br> Tel: (949) 477-5050 <br> Fax: ((949) 608-9142 <br> rwright@wrightlegal.net <br> jmcgready@wrightlegal.net |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on March 4, 2014.

| Leslie Coumans | */s/ Leslie Coumans* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |